IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PARENTS DEFENDING EDUCATION<br>4532 Cherry Hill Rd. #119<br>Arlington, VA 22207,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, SW,<br>Washington, D.C. 20202,<br><br>*Defendant.* | Case No. _____ |

## COMPLAINT

Plaintiff Parents Defending Education brings this action against Defendant U.S. Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. §552, and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e).

### PARTIES

3. Plaintiff PDE is a nationwide, grassroots membership organization whose members include parents, students, and other concerned citizens. PDE's mission is to prevent—through advocacy, disclosure, and, if necessary, litigation—the politicization of K-12 education.

4. Defendant U.S. Department of Education is an agency of the United States government. The Department has possession, custody, and control of records to which PDE seeks access. The Department is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## STATEMENT OF FACTS

5. PDE's president, Nicole Neily, submitted five FOIA requests to the Department on behalf of PDE from July 2022 through February 2024. The requests were all straightforward and limited in time and scope. The Department has ignored all five.

6. ***First FOIA Request.*** On July 12, 2022, Ms. Neily submitted a FOIA request on behalf of PDE, seeking records related to a federal advisory council the Department established in June 2022.

7. Specifically, PDE asked for:

[A]ll records related to the National Parents and Family Engagement Council created between the dates of January 20, 2021 and July 11, 2022.

8. The Department acknowledged PDE's request by email and assigned it a tracking number (22-03154-F).

9. On July 14, 2022, the Department updated the status of PDE's request to "in process," which, according to the "Status Legend" on the Department's tracking website, means a "request is actively being processed."

10. On July 25, 2022, the Department sent Ms. Neily two separate letters informing her that PDE's request for a fee waiver had been granted and that its request for expedited processing had been denied. The letters did not address the substance of PDE's request or offer an estimated date of completion.

11. On August 9, 2022, the Department sent Ms. Neily a letter titled, "20-Day Notification 22-03162-F." The correspondence purported to be an "initial determination letter" regarding PDE's request, but it contained neither a determination nor an estimate for when one might arrive. Rather, the August 9 letter stated: "Due to the unusual circumstances that exist with your FOIA requests as

defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20-day statutory requirement."

12. The August 9 letter added that "[Ms. Neily's] request was forwarded to the Office of the Secretary (OS), and Office of Communications and Outreach (OCO) within the Department for any responsive documents they may have." The letter did not mention any categories of documents the Department planned to produce or withhold, nor did it inform Ms. Neily of any right to appeal.

13. PDE has received no further communications from the Department regarding this request in the two-and-a-half years since it received the August 9 letter.

14. Indeed, as of March 20, 2025, more than 32 months after PDE submitted its FOIA request, the Department's website continues to list PDE's FOIA request status as "in process."

15. ***Second FOIA Request.*** On December 8, 2022, Ms. Neily submitted another FOIA request to the Department on PDE's behalf. PDE's second request was for documents sent or received by a certain Department employee within a fourteen-month time frame that contained one of five search terms.

16. Specifically, PDE requested:

All records, documents, and communications between the dates of October 1, 2021 and December 8, 2022 to and from Kristina Ishmael that contain the following terms: White supremacy; BIPOC; Folx; Colonizer; Evangelical.

17. The Department acknowledged PDE's request via email the same day and assigned it a tracking number (23-00522-F).

18. On December 13, 2022, the Department sent Ms. Neily an email telling her that it was "unable to process [PDE's] request, because [PDE's] request does not reasonably describe the records that you have sought under the FOIA 5 U.S.C. § 552(a)(3)(A)." The Department instructed Ms. Neily to "narrow the definition or provide a specific context for the terms listed in the request. Particularly, the term 'FOLX' is often used in emails so the search may produce a voluminous number of

nonresponsive documents." The email closed with a warning that PDE's request would be administratively closed if she did not respond by December 27, 2022.

19. Ms. Neily responded to the Department's email within hours and pointed out that the request could not have been narrower. She noted that PDE "specifically requested all records, documents, and communications between the dates of October 1, 2021 and December 8, 2022 to and from Kristina Ishmael - not all records in the possession of the Department of Education for an extended period of time."

20. The Department replied later that day, thanking Ms. Neily and informing her that PDE's request had been "forwarded to the responsible parties." Ms. Neily also received an automated email from the Department on December 13 notifying her that the status of PDE's December 8 request had been changed to "in process."

21. PDE has received no further communications from the Department regarding this request in the 27 months since it received the December 13 letter.

22. PDE never received a 20-day notification letter from the Department or answers to its requests for a fee waiver and expedited processing.

23. As of March 20, 2025, the Department's FOIA portal continues to list the status of the request as "in process."

24. ***Third FOIA Request.*** On June 6, 2023, Ms. Neily submitted a third request to the Department on behalf of PDE.

25. PDE's third request sought "all calendar items and meeting logs/minutes between the dates of October 20, 2021 and June 6, 2023 to and for Catherine Lhamon."

26. On June 7, 2023, the Department sent Ms. Neily three letters acknowledging PDE's request and assigning it a tracking number (23-01933-F), denying PDE's application for a fee waiver, and denying PDE's application for expedited processing.

27. On June 8, 2023, the Department updated the status of the request to "in process."

28. On June 14, 2023, the Department sent an email to Ms. Neily "requesting additional information to better understand the records that [PDE is] seeking." That information, the Department said, "would enable [it] to narrow the scope of [PDE's] request and provide exactly what [PDE is] looking for."

29. The Department official who sent the June 14, 2023, email asked Ms. Neily to list "[s]pecific individuals" whose meetings with Ms. Lhamon were of interest to PDE; "[s]pecific subjects" of those meetings, like "Title IX, Title VI, etc."; and any "[s]pecific organizations" that participated in the meetings.

30. Ms. Neily objected to narrowing PDE's request to only cover information about meetings that were already public knowledge. Ms. Neily informed the Department that PDE "would actually like as much information as possible because we firmly believe it is in the public's interest to have access to the full breadth of information regarding the Department's current scope of work."

31. On June 21, 2023, the Department sent Ms. Neily an email stating that the status of PDE's request had been changed from "in process" to "on hold."

32. On June 23, 2023, the Department official answered Ms. Neily's June 14 response. The official urged Ms. Neily yet again to limit the request to already identified individuals, topics, and organizations who had met with Ms. Lhamon. The official stated that she "would like to circle back with you regarding this request, not to limit the records you receive, but merely to emphasize that based on your current request, there is likely a voluminous amount of records that could be produced." That calendar notifications and meeting minutes are documents the Department retains and presumably catalogues as part of its regular course of business went unmentioned.

33. On June 28, 2023, Ms. Neily once again objected to limiting PDE's request, as doing so would have defeated the purpose of the request. On June 29, 2023, the Department informed Ms.

Neily that it was "mov[ing] forward with processing [PDE's] FOIA request." It also sent Ms. Neily a notification that the status of the request had been shifted back to "in process."

34. On July 17, 2023, the Department sent Ms. Neily a "20-day notification" letter. Unlike the 20-day notification letter for PDE's July 7, 2022, request, this letter did not purport to be an "initial determination." Rather, the letter was styled as a "status update" regarding PDE's request. The letter stated that "[w]hen received, your request was forwarded to the appropriate office(s) within the Department to conduct a search for any responsive records. At this time, your request is still being processed."

35. The 20-day notification letter did not mention any categories of documents the Department planned to produce or withhold, nor did it inform Ms. Neily of any right to appeal.

36. PDE has received no further communications from the Department regarding this request in the 20 months since it received the July 17 letter.

37. As of March 20, 2025, the Department's FOIA portal continues to list the status of the request as "in process."

38. *Fourth FOIA Request.* On June 6, 2023, the same day that Ms. Neily submitted PDE's request for Ms. Lhamon's meeting records, Ms. Neily also submitted an identical request for then-Secretary of Education Miguel Cardona's meeting records.

39. The Department acknowledged PDE's request via email and assigned it a tracking number (23-01934-F) the same day. The Department then sent a formal acknowledgement letter and two additional letters denying PDE's applications for a fee waiver and expedited processing on June 7, 2023.

40. On June 21, 2023, the Department notified Ms. Neily that the status of PDE's June 6, 2023, request had been shifted to "in process."

41. On July 6, 2023, the Department sent Ms. Neily a "20-day notification" letter that was identical to the one it sent her about PDE's request for Ms. Lhamon's meeting records. The letter stated that "[w]hen received, [PDE's] request was forwarded to the appropriate office(s) within the Department to conduct a search for any responsive records. At this time, your request is still being processed."

42. The 20-day notification letter did not mention any categories of documents the Department planned to produce or withhold, nor did it inform Ms. Neily of any right to appeal.

43. PDE has received no further communications from the Department regarding this request in the 20 months since it received the July 6 letter.

44. As of March 20, 2025, the Department's FOIA portal continues to list the status of the request as "in process."

45. *Fifth FOIA Request.* Finally, on February 7, 2024, Ms. Neily submitted a fifth FOIA request to the Department on behalf of PDE.

46. The February 7, 2024, request asked the Department to produce:

records in the possession of the following Education Department officials that contain the phrase "river to the sea" between the dates of October 7, 2023 and February 7, 2024:

> Dr. Miguel Cardona
> Adam Schott
> Roberto Rodriguez
> Gwen Graham
> Catherine Lhamon
> Shin Inouye
> Lexi Barrett
> Cindy Marten
> James Kvaal
> Maggie Siddiqi
> Nasser Paydar
> LaWanda Toney

47. Later on February 7, 2024, the Department acknowledged PDE's request via email and assigned it a tracking number (24-01052-F).

48. On February 8, 2024, the Department sent Ms. Neily a letter formally acknowledging the request. The same day, a Department official emailed Ms. Neily and asked if PDE was "willing to exclude all electronic messages sent to the Secretary's public facing mailbox," as well as "any news reports, news clippings, or news listserv messages." Ms. Neily agreed that including the news materials was unnecessary but asked the official to produce responsive emails that were sent to the Secretary's public facing email address.

49. Following that exchange, the Department notified Ms. Neily that the status of PDE's February 7, 2024, request had been updated to "in process." The notification likewise occurred on February 8.

50. On March 18, 2024, the Department sent Ms. Neily a "20-day notification letter" regarding the February 7, 2024, request. Like the 20-day notification letters for the two FOIA requests Ms. Neily submitted on January 6, 2023, the letter was styled as a "status update." The letter stated that "[w]hen received, [PDE's] request was forwarded to the appropriate office(s) within the Department to conduct a search for any responsive records. At this time, your request is still being processed."

51. The 20-day notification letter did not mention any categories of documents the Department planned to produce or withhold, nor did it inform Ms. Neily of any right to appeal.

52. PDE has received no further communications from the Department regarding this request in the 12 months since it received the March 18 letter.

53. As of March 20, 2025, the Department's FOIA portal continues to list the status of the February 7, 2024, request as "in process."

54. In sum, as of March 20, 2025, PDE has not received any documents from the Department in response to any of the five FOIA requests. And as of March 20, 2025, the Department has failed to "gather and review the documents" related to *any* of PDE's requests and "determine and

communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for Responsibility & Ethics in Washington ("CREW") v. Federal Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

55. PDE repeats and realleges each of the prior allegations in this complaint.

56. FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records which reasonably describe such records … make the records promptly available to any person." 5 U.S.C. §552(a)(3)(A).

57. Under FOIA, a federal agency must make and communicate a "determination" whether to comply with a FOIA request—and communicate "the reasons therefor"—within 20 working days of receiving the request, or within 30 working days in "unusual circumstances." 5 U.S.C. §552(a)(6)(A)(i), (a)(6)(B)(i).

58. To make such a determination, the agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reason for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW*, 711 F.3d at 188.

59. If the agency does not issue a "determination" within the required time period, "the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." *Id.* at 182.

60. FOIA gives federal courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

61. The Department of Education is a federal agency subject to FOIA's requirements. *See* 5 U.S.C. §552(f)(1).

62. The Department has made no "determination" as to PDE's FOIA requests, made no reasonable effort to search for responsive documents, and produced no documents responsive to PDE's FOIA requests.

63. The Department's failure to make a "determination" as to PDE's FOIA requests within the required time period violates FOIA and the Department's corresponding regulations and relieves PDE of any obligation to exhaust administrative appeal remedies before filing its FOIA lawsuit. *See* 5 U.S.C. §552(a)(6)(A)(i), (a)(6)(B)(i); 34 C.F.R. §5.1 *et seq.*

64. The Department's failure to make a reasonable effort to search for records in electronic form or a format responsive to PDE's FOIA requests violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. §552(a)(3)(C); 34 C.F.R. §5.1 *et seq.*

65. The Department's failure to make promptly available the records sought by PDE violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. §552(a)(3)(A); 34 C.F.R. §5.1 *et seq.*

**WHEREFORE**, PDE respectfully requests that the Court:

(1) order the Department to conduct searches for any and all records responsive to each of PDE's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to each request;

(2) order the Department to produce, by a date certain, any and all non-exempt records responsive to each of PDE's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption for each request;

(3) enjoin the Department from continuing to withhold any and all non-exempt records responsive to each of PDE's FOIA requests;

(4) grant PDE an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) grant PDE such other relief as the Court deems just and proper.

Dated: March 20, 2025                                    Respectfully submitted,

/s/ James F. Hasson

J. Michael Connolly (D.C. Bar No. 995815)
James F. Hasson (D.C. Bar No. 1697883)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
james@consovoymccarthy.com

*Counsel for Plaintiff Parents Defending Education*